OUSLEY *v.* THE CENTRAL RAILROAD AND BANKING CO.

1. Where the evidence shows that a draw-bar supplied by a railway company to be used in coupling cars was used on two occasions, working well on the first, but failing to work on the second, though twice tried in a proper manner, a jury might, in the absence of any explanation from the company, infer that the implement was defective.
2. A second effort on the same occasion to couple cars with a draw-bar, the first having failed because the bar had become fixed in its position and not readily movable, is not necessarily improper or inexcusable, where the bar had been shaken loose after the first effort and before the second was made, although the second failed for the same reason as the first and the plaintiff was thereby injured.

January 19, 1891. By two Justices.

Negligence. Railroads. Master and servant. Before Judge JENKINS. Wilkinson superior court. April term, 1890.

Reported in the decision.

GUSTIN, GUERRY & HALL, for plaintiff.

LAWTON & CUNNINGHAM and CALHOUN, KING & SPALDING, for defendant. ·

BLECKLEY, Chief Justice.

It would be safer to submit this case to a jury. The evidence shows that the draw-bar was used in Macon

and worked well. The next attempt at using it was at Gordon, when it proved to be tight so that it could not be raised at the first trial. It was shaken loose and another trial was made, when it again failed to work and the plaintiff was injured in consequence. This is all we know from the evidence touching the history of this draw-bar, save that, after the plaintiff was injured, the coupling was successfully made by some other person.

1. A jury could infer that the draw-bar was defective it having failed in its proper functions twice out of three attempts at using it. It would not be unreasonable to conclude that an implement which proves inefficient in two thirds of the instances of its use, is not a fit implement to be supplied by a railway company to those of its employees who are engaged in such hazardous service as coupling cars.

2. The court seems to have ordered the nonsuit because the plaintiff ought to have desisted after making one effort to couple the cars at Gordon, and that he was in fault for making a second effort. But a part of the plaintiff's testimony was as follows: "At Gordon, when the engine came back once and I saw that the coupling would not go high enough, I took the bar and shook it, and it shook loose. It was tight at first. I made one trial when it seemed to be tight, and the bar would not raise. That was the reason I did not make the coupling. I shook it loose after that. It had grown tight in the motion between Macon and there. Do not know what caused it. When I went to raise it next time, it was tight. . . The two efforts I made at Gordon, I suppose, were about two minutes apart, maybe not quite so long." It will be observed that, before making the second effort, the plaintiff had shaken the bar loose. This being so, had it been a proper bar, he might reasonably conclude that it would remain loose long enough to be used in making the coupling.

It at least raises a question for the jury whether, under all the circumstances, he would be warranted in arriving at that conclusion and in making the second effort to effect the coupling. To make the second effort was not necessarily improper or inexcusable.

The court erred in granting a nonsuit.

*Judgment reversed.*