JOHN KROGSTAD *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

April 2, 1891.

**Master and Servant—Defective Appliances.**—Evidence *held* sufficient to
show neglect of the duty of a master to provide safe appliances for the
use of its servants. The appliance in question was a chain attached to a
jack-screw, used for many years, as the means of drawing down the springs
on locomotives. It had broken before, and broke on the occasion of the
plaintiff's injury, without apparent cause other than its want of strength
for such purposes.

Appeal by defendant from an order of the district court for Carl-
ton county, *Ensign, J.,* presiding, refusing a new trial after a verdict
of $1,990 for plaintiff.

*John C. Bullitt, Jr.,* and *Hollembaek & Wood,* for appellant.

*John Jenswold, Jr.,* for respondent.

DICKINSON, J.[1] This action is for the recovery of damages for an
injury suffered by the plaintiff in the year 1885, while he was em-
ployed in the service of the defendant. The plaintiff having recov-
ered a verdict, the defendant has appealed from an order refusing a
new trial. The only question before us is as to the sufficiency of the
evidence to sustain the verdict. The plaintiff's general employment
was in the repairing of cars, as well as of the wood-work on locomotives.
At the time of the accident the foreman of the shop was engaged,
with two assistants, in drawing down a heavy spring on a locomotive
to its proper position; this being, as we understand, one of the
springs upon which the weight of the locomotive chiefly rests. The
apparatus used for this purpose, being such as is commonly used,
was a jack-screw with a chain attached to it, composed of iron links,
the iron being three-eighths of an inch in diameter. The power is
applied by means of the jack-screw, and the chain should be of suffi-
cient strength to stand such a tension as may be necessary to over-
come the resistance of the spring. The evidence tended to show that
the engine was heavier than those generally used, and the spring

[1] Vanderburgh, J., did not sit. Mitchell, J., was absent when the decision was filed,
and did not participate in it.

stronger. The jack-screw and chain were adjusted to the spring inside the wheels, and were being operated by one or two men in a pit beneath, while the foreman, standing outside the wheels, was assisting by holding a chisel in a hole so as to prevent the recoil of the spring, as we understand the case. The foreman called the defendant from other work to take his place. While the defendant was thus engaged, the chain broke, and the recoil of the spring hurled the chisel so violently against the plaintiff that it broke through the roof of his mouth. This same jack-screw and chain had been constantly used for such purposes for several years. The chain had broken before, when in use in the same way, and it may be inferred from some of the evidence that it had broken more than once; for the foreman testified that when it broke it was "generally" caused by a twist or a kink in the chain. There was no proof that the chain was twisted or kinked on this occasion. The verdict was justified by the evidence going to show that the defendant had been negligent in supplying, for the use of its servants for such purposes, an appliance which was not reasonably safe; in keeping it for use long after its unfitness had been demonstrated by actual breakage, and in view of the fact that it was to be used and was used with an unusually heavy engine, with correspondingly strong springs, as may be inferred. The most significant facts are that such work had to be frequently done; that this was the only means and the only apparatus provided for doing it; that the chain had broken before, but a stronger one had not been provided; that it broke on this occasion, and from no other cause, so far as appears, than that its inherent strength was not sufficient to stand the strain necessary to be put upon it. The plaintiff knew nothing about the apparatus, of which he could see but little from the position he occupied. Certainly, as against the verdict of the jury, it cannot be said that he was guilty of contributory negligence. Nor can the verdict be disturbed by reason of the injury being legally attributable to the negligence of fellow-servants. No negligence is apparent except the neglect of the duty to which we have referred, resting upon the defendant, and from which duty it cannot free itself by delegating its performance to some agent.

Order affirmed.