PER CURIAM.
The defendant, at the close of the entire testimony, moved for a direction of a verdict in its favor, upon the ground that there was no proof of negligence on the part of the defendant; that there was no evidence that the horse was a vicious animal, or that it had any propensity to kick, of which the plaintiff should have been notified; and that the plaintiff was guilty of contributory negligence. The court denied the motion, to which the defendant excepted. The plaintiff was “a helper” in the employment of the ice company; that is, he helped or assisted the driver of one of the ice wagons in the delivery of ice upon his route. He also drove while the driver was delivering ice. On the occasion of the accident, he was driving and occupied the usual seat, which placed his legs very near to the heels of the. horses. The horse which broke Finn’s leg was an “extra” horse, and was occasionally used. There was no question in the case in regard to the liability of the company if it had furnished one of its drivers, without warning, a vicious horse, which the company knew or ought *484 to have known was vicious, while the driver did not know and was under no obligation to know the animal’s evil habit. The points upon which the defendant principally relies are: First, that there was no proof that the horse had a propensity to kick without provocation; and, second, that there was no proof that the defendant’s foreman had knowledge of such a propensity, or that he had any knowledge which he should have communicated to Finn.
The testimony on the part of the plaintiff was to the effect that on two separate occasions, shortly before the accident, this horse, viciously and without provocation, kicked in a very dangerous manner; that on one occasion, after having repeatedly kicked, he was returned to the stable, and the superintendent, upon being informed of the reason for the return, furnished another horse; and that on the other occasion an employé told the superintendent of the horse’s bad conduct. The testimony in regard to the horse’s vicious propensity and the company’s knowledge of it is confined to these two instances, but, if the testimony for the plaintiff is to be believed, the kicking was very willful, and without adequate cause. The company assigned a cause which is consistent with his good character. The court charged the jury that there was no substantial evidence that the horse was a generally vicious horse, and that the question was whether he had the propensity, rendering him unsafe, sometimes to kick, without cause or provocation, and whether the superintendent had reasonable cause to believe that the horse was an unsafe horse to be sent out with the plaintiff and his driver. There was sufficient evidence to compel a submission of these questions to the jury.
The defendant’s remaining point is that the plaintiff was, in driving the horse, disobeying a rule of the defendant, and was therefore guilty of contributory negligence. The defendant had a rule, on paper, which Finn knew, and which prohibited any employé, except the drivers themselves, from driving the horses. ' There was ample evidence that this rule was, and was known by the company to be, a dead letter. The defendant insisted that the plaintiff ought not to recover, because, at the time he was hurt, he was acting in violation of this rule.
The court charged as follows:
“If there was a rule of that character in force, and the plaintiff was violating it at the time he received this injury, he is not entitled to recover; but if you come to the conclusion that, although there was such a printed regulation, it was not enforced, it was a dead letter, that everybody connected with the company knew that the helpers were expected on occasions to drive the defendant’s horses, and that the plaintiff was injured while driving upon one of these occasions, then the rule is no defense.”
To the correctness of this charge, both in morals and in law, there can be no valid objection. An employer cannot be permitted to set up, as a valid defense against the consequences of his own negligence, the employé’s violation of a rule which the employer had knowingly permitted to be practically abandoned. Railroad Co. v. Nickels, 1 C. C. A. 625, 50 Fed. 718. The judgment of the circuit court is affirmed, with costs.