# Frederick *v.* Coosa Pipe & Foundry Co.

## *Injury to Servant.*

(Decided May 14, 1912.  59 South. 702.)

1. *Appeal and Error; Harmless Error; Pleading.*—It is harmless error to sustain a demurrer to one count of the complaint, where plaintiff under another count had the benefit of substantially the same ground of recovery.

2. *Master and Servant; Injury to Servant; Complaint.*—Where a complaint is founded upon the negligence of the superintendent of the employer causing injury to the employee, it must either give the name of the superintendent, or allege that it is unknown to the plaintiff.

3. *Same.*—Where the injury is attributed to a defect in the ways, works, machinery, etc., it must aver also that such defect arose from or was not discovered, or remedied, owing to or on account of the negligence of the master, or some person having supervision of the same.

4. *Same; Safe Place.*—The duty of a master to furnish an employee a safe place within which to work is met by the exercise on the part of the master of reasonable care and skill to furnish such place.

5. *Same; Injury.*—The evidence stated and held to require a submission to the jury of the issue, whether the defendant employed the plaintiff, and was operating the plant at the time of the injury.

6. *Same; Negligence.*—Where the employee's injury was attributable to the sudden going out of an electric light, which was necessary to such employee doing his work with safety, and such light had proven unreliable in the past, to the actual or constructive notice of the employer, the employer was prima facie negligent in respect to the light.

APPEAL from Etowah Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

[Frederick v. Coosa Pipe & Foundry Co.]

Action by Alf Frederick against the Coosa Pipe & Foundry Company, for damages for personal injury sustained while engaged in his employment. Judgment for defendant and plaintiff appeals. Reversed and remanded.

McCord, Roper, Inzer & Steele, for appellant. The court erred in sustaining demurrer to count 1.—*Jackson L. Co. v. Cunningham*, 141 Ala. 537; *Conrad v. Gray*, 109 Ala. 130. The court erred in sustaining demurrers to count 2.—*Tutwiler C. & C. Co. v. Faringdon*, 144 Ala. 157; *L. & N. v. Andrews*, 54 South. 553. Count 5 was sufficient.—*Ala. Mid. v. Culver*, 108 Ala. 330; *K. C. M. & B. v. Burton*, 97 Ala. 224. Count 6 was sufficient.—*Cent. Co. v. Lamb*, 124 Ala. 172, and authorities next above. The 8th count was sufficient.—*Tutwiler C. & C. Co. v. Faringdon, supra*. The other counts were sufficient.—*L. & N. v. Andrews, supra; Cent. Co. v. Lamp, supra*. Counsel discuss assignments of error relative to evidence, but without citation of authority. The court erred in withdrawing the case from the jury. —*Holmes v. Bir. So. Ry. Co.*, 140 Ala. 208; *Moulton v. L. & N.*, 128 Ala. 539. The proper manner of raising this question was not by motion to exclude the evidence, but by appropriate instructions.—*M. J. & K. C. v. Bromberg*, 141 Ala. 258.

Hood & Murphree, for appellee. It requires no citation of authority to point out defects in counts 1 and 2. Count 3 is plainly bad.—*Merriwether v. Sayre M. & M. Co.*, 161 Ala. 441. The other counts were subject to the same criticism as the above counts. The proof did not support any of the counts of the complaint, and hence, the court properly denied recovery.

WALKER, P. J.—The complaint as originally filed contained three counts, and ten other counts were added by amendment. The court sustained demurrers to all the counts except the fourth, ninth, twelfth, and thirteenth.

Whether or not the first count was subject to the demurrer interposed to it, the plaintiff could not have been prejudiced by the action of the court in sustaining that demurrer, as under the fourth count he had the benefit of substantially the same alleged ground of recovery. In no material respect was the burden of proof assumed by the plaintiff by his averments more onerous under the latter count than it was under the former.

The demurrer to count 2 was properly sustained because of the failure of that count to state the name of the person in the service or employment of the defendant who was alleged to have had superintendence intrusted to him by the defendant, and to have been negligent while in the exercise of such superintendence, or to aver that the name of such person was unknown to the plaintiff.—*Woodward Iron Co. v. Herndon, Adm'r,* 114 Ala. 191, 21 South. 430.

Counts 3, 7, and 8 were subject to demurrer, because each of them undertook to charge the defendant with an unqualified duty to furnish the plaintiff a safe place in which to work. The duty in that regard which the law imposes upon an employer is not an unqualified one, but is met when reasonbale care and skill are exercised to furnish a reasonably safe place for the performance of the duties assigned to the employee.—*Merriweather v. Sayre Mining & Mfg. Co.,* 161 Ala. 441, 49 South. 916. Besides, under counts 12 and 13, the plaintiff had the benefit of evidence tending to show that the defendant was guilty of a breach of its duty to him in reference to the safety of his place of work.

Counts 5, 6, 10 and 11 each show that the proximate cause of the injury complained of was a defect in the condition of the plant of the defendant; and each of them was subject to demurrer because of its failure to aver that such defect arose from, or had not been discovered or remedied owing to, the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition.—Code, § 3910. It is true that each of those counts mentions, as a cause of the injury complained of, negligence of an employee of the defendant, who was intrusted with superintendence, while in the exercise of such superintendence; but when it comes to a specification of the efficient cause to which the injury was attributed a defect in the condition of the plant is plainly averred to have been its proximate cause.

In two of the counts upon which the plaintiff went to trial, the defendant was charged with liability under subdivision 1 of the Employer's Liability Statute (Code, § 3910) ; while under the remaining counts the defendant was sought to be held liable because of its alleged failure to use reasonable care in furnishing the plaintiff a reasonably safe place in which to perform his work, and because of its alleged failure to use reasonable care in maintaining for the plaintiff a reasonably safe place in which to perform his work. The negligence charged in each of the counts was in reference to the condition of the lighting plant of the defendant, which was used and operated in its business. If there was evidence tending to support the charge of negligence made in either of the counts, the court was not warranted in sustaining the defendant's motion, made at the conclusion of the evidence offered by the plaintiff,

to exclude that evidence. It is suggested in behalf of the appellee (the defendant below) that there was an absence of evidence tending to show that the defendant was the plaintiff's employer, or that it had any connection with the operation of the plant in which the plaintiff was at work at the time he was injured. This suggestion cannot be sustained. It is true that there is some room for a contention that the probative value of the statements made by the plaintiff on his direct examination as a witness in his own behalf, to the effect that he was employed by the defendant and was working at its shop at the time he was hurt, was destroyed by the answers made by him to questions asked on his cross-examination, which sought to bring out the grounds upon which he based his conclusions as to who was his employer, and who was operating the plant at which he was at work. But circumstances were testified to by the plaintiff which furnished some support for an inference that the defendant had charge of and was operating the plant at which the plaintiff was working at the time he was hurt. He testified that the person who was the defendant's superintendent, in charge of its own shop, also had charge, as superintendent, of the shop at which the injury complained of was received; that "he was superintendent over all the business; he traveled back and forth." The plaintiff also testified that the same man paid off at both places. We are not of opinion that it can fairly be said that there was a lack of any evidence tending to show that the defendant employed the plaintiff, and was operating the plant at which he was injured.

The injury complained of occurred in the nighttime. Under the evidence offered, it was sought to be attributed to the sudden going out of the electric light, by which the plaintiff was working, just as he was stoop-

ing down to perform the task assigned to him of catching an arbor as it was pulled from the pipe." "An arbor," as stated by the plaintiff, "is a thing you make a core on. It weighs from 85 to 100 pounds, is about six feet long, and the pipe is made around it. * * * Just as I stooped down to catch it, the light went down, and I missed it, and it fell across my foot." He testified "that he had worked in this plant before; that the light went out occasionally, sometimes as much as twice a night; that this had continued as long as he worked for the defendant; that the defendant had flambeaux, or oil lamps with a big wick, to furnish light when the electric light went out; and that these gave pretty good light; * * * that at the time he was hurt the light went ou suddenly, was out for about half a minute, and up again, and had done that way before very often."

If the evidence had shown no more in reference to the light furnished at the place at which the plaintiff was hurt than that it went out, as described by the plaintiff, on the occasion of his injury, it would not have been legally sufficient to justify a conclusion, either that the lighting plant was defective, or that the defendant was chargeable with negligence in reference to it.—*Louisville & Nashville R. R. Co. v. Andrews,* 171 Ala. 200, 54 South. 553. But the evidence in the case at bar went much further than that in the case just referred to. Here there was evidence tending to show that the light had failed in the same way "before very often." There also was evidence furnishing some support for an inference that the defendant itself was aware of the occasional unreliability of its electric lighting plant, and supplied another method of furnishing lights when its electric lights failed. To say that repeated failures of a device to serve the purpose for which it is used do not

furnish any evidence of its deficiency would amount to saying that the fact that a thing has been tried and found wanting has no tendency to prove that it is defective for the purpose for which it is used. And to deny that an employer may be charged with notice of the defective condition of an instrumentality so used in his business as to affect the safety of his employees by evidence of its previous, continued unsatisfactory operation by him would hardly be consistent with the recognition of a duty on his part to exercise appropriate care in supplying, for the use of his employees, instrumentalities which are reasonably safe, and to make necessary provision for keeping them in repair. We are of opinion that the evidence offered by the plaintiff had some tendency to prove that, for the proper performance with reasonable safety to himself of the task in which he was engaged at the time he received the injury complained of, he needed to be furnished a reasonably steady and dependable artificial light; that the failure, on the occasion of his injury, of the light furnished him was due to a defective condition of the defendant's lighting plant; and that, in view of the kind of light required to make the task in which the plaintiff then was engaged reasonably safe for him, the defendant was not free from negligence in reference to the adequacy or reliability of the light which it was furnishing at that time.—*Knickerbocker Ice Co. v. Finn,* 80 Fed. 483, 25 C. C. A. 579; *Ousley v. Central Railroad & Banking Co.,* 86 Ga. 538, 12 S. E. 938; *Burnside v. Novelty Mfg. Co.,* 121 Mich. 115, 79 N. W. 1108; *Krogsatd v. Northern Pacific R. Co.,* 46 Minn. 18, 48 N. W. 409; 1 Labatt on Master and Servant, §§ 136, 137, 105; 4 Thompson on Negligence, § 3892. It is not contended that the evidence offered by the plaintiff was insufficient in any material respect, other than those which have been con-

sidered. From what has been said, the conclusion follows that it should have been treated as prima facie sufficient to support one or more of the counts of the complaint, and that the court was in error in excluding it.

The exceptions reserved to rulings of the court in sustaining objections of the defendant to evidence offered by the plaintiff need not be considerd, as the questions so presented may not arise on another trial.

Reversed and remanded.