# Louisville & Nashville R. R. Co. *v.* Byrd.

### Injury to Servant.

(Decided December 30, 1916.  73 South. 514.)

1. **Master and Servant; Injury to Servant; Instructions.**—Under the pleading and evidence in this case the defendant was not entitled to a directed verdict.

2. **Same; Contributory Negligence.**—Under the evidence in this case it was for the jury to say whether plaintiff was guilty of contributory negligence in not keeping a sufficient look-out for the engine that struck him.

3. **Same; Safe Place to Work; Jury Question.**—Under the evidence in this case it was a question for the jury whether the master violated his common law duty to furnish the injured employee a reasonably safe place in which to work.

4. **Appeal and Error; Verdict; New Trial.**—The amendment wrought to § 2846, Code 1907, by Acts 1915, p. 722, did not have the effect to change the rule that the appellate court will not disturb the trial court's findings, on a motion for new trial, unless such finding is plainly contrary to the great weight of the evidence.

5. **Damages, Excessive.**—Under the evidence in this case as to the injuries inflicted upon the plaintiff this court cannot say that a verdict for $1,250.00 was excessive.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by John B. Byrd against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee for the recovery of damages for injuries sustained by his being struck by one of appellant's engines while engaged in the performance of his duties as an employee of defendant.

Plaintiff at the time of the injury was employed by defendant in the capacity of brakeman, and on the night of February 18, 1915, he came into the yards at Flomaton, Ala., with his train, riding on the pilot of his engine. The engine came to a stop in the yard. Train No. 74 had just preceded the one on which plaintiff was working, and its engine had just gone to the coal chute a little distance ahead of where plaintiff's train was standing on a parallel track.

The evidence for plaintiff tended to show that it was 9 o'clock at night and dark; that in the discharge of his duty he stepped from the pilot of his engine, between the two tracks to look for a signal to cut the train for a crossing. The tracks where he was standing were about five feet apart, but when the two trains were on these tracks this distance between was barely three feet. Plaintiff was standing as close to his engine as he could get, looking toward the rear for the signal. The engineer told him to "go ahead and line up;" that he would look out for the signal. Plaintiff turned to go ahead, and, just as he did so, No. 74's engine, backing up from the coal chute, struck him. His evidence was that he had been on the ground only a short time, "only a couple of minutes or so," and that when he first stepped off the pilot of his engine he looked up the track; that it was backing at a speed of ten miles an hour, which was a dangerous rate in switching at night; that this engine was backing without warning, neither blowing the whistle nor ringing the bill, as was required by the rules. There was a small lamp on the rear of the tender of the backing engine shedding a red light, but no one was on the tender, and no kind of warning was given.

The evidence for the defendant tended to show that the whistle was blown and the bell rung while the engineer was backing and the accident was the result of plaintiff's inattention; that neither the engineer nor fireman knew anything of the accident until some time after it occurred; that the tracks at this place are straight, and the red light on the tender could be seen the length of two city blocks. It further tended to show: That the yards at Flomaton are a junction point and also a point where trains are stopped for coal and water, and that these yards are unlighted except for the switch lights. That said yards cover between five and ten acres, with very little vacant space "right in the yards" and that "anwhere from ten to fourteen trains per night were handled in the Flomaton yards." That "switching was going on constantly in these yards every few minutes during the day and night." The main line runs through the yard, and the repair shop is located therein. The yards of the defendant company at Mobile, Montgomery, and Pensacola are lighted with electricity. The evidence for defendant further tended to show that the lights in these larger cities are not for the purpose of aiding the employees in switching cars, but for the benefit of the public and for the clerks, and that in fact electrically lighted

yards would be a hindrance rather than a help in switching, and that the Flomaton yards are as well equipped as other well-regulated yards in this country.

Evidence for plaintiff showed that his lantern was not burning at the time of his injury, it having gone out just as he stepped from his engine, and that the duty of filling the lantern with oil was not that of plaintiff, but of other employees of defendant. Plaintiff testified as to his injuries: Bruises on forehead and cheek, one rib broken, one arm bruised, and that he was knocked unconscious, carried to a hospital, where he was confined for about three weeks, and that he suffered, a great deal of pain, had lost time from his work, had permanent scars on his face, "dark blue and black places where cinders and gravel had entered, * * * and one of his teeth broken off."

The jury returned a verdict for plaintiff for $1,250, from which judgment defendant appeals.

GOODWYN & MCINTYRE and ROGER ALSTON JONES, for appellant. HILL, HILL, WHITING & STERN, for appellee.

GARDNER, J.—(1) This cause was submitted to the jury upon three counts, numbered 1, 2, and A, and the plea of the general issue and that of contributory negligence. Counts 1 and 2 rested for recovery upon subdivision 5 of our Employers' Liability Act (Code 1907, § 3910). Count A seeks recovery for a violation of the common-law duty of defendant to furnish plaintiff a reasonably safe place in which to do the work of his employment. It is insisted that the affirmative charge was due defendant as to counts 1 and 2, for the reason that there is no negligence shown, and that, if it be conceded that there is proof of simple negligence sufficient for submission to the jury, the evidence shows that the approximate cause of the injury was the negligence of plaintiff himself in failing to keep a sufficient watch for the engine which struck him.

The evidence for plaintiff tended to show that this engine was being backed from the coal chute without any warning of its approach, and that the rules required that a backing engine give signal of three blasts of the whistle, as well as the ringing of the bell. There was evidence that the engine was being backed at a speed of ten miles an hour—a dangerous speed under the circumstances here disclosed. The affirmative charge as to these two counts on the ground of simple negligence was there-

fore properly refused.—*L. & N. R. R. Co. v. Jenkins,* 196 Ala. 136, 72 South. 68; *A. G. S. R. R. Co. v. Skotzy,* 196 Ala. 25, 71 South. 335; *B. R., L. & P. Co. v. Morris,* 163 Ala. 190, 50 South. 198.

(2) Nor are we of the opinion that the affirmative charge was due defendant on its plea of contributory negligence. Plaintiff's evidence tended to show that he stepped off the pilot of his engine, down between the two paralleled tracks, where the space was barely three feet in width when each track was occupied by a train, and that he stood as near his engine as possible, looking to the rear of his train for a signal from the conductor, and that as he stepped off the pilot he first looked up the track, but did not see the backing engine until just as it struck him; that he was hit just as he was turning to line up, as told to do by the engineer of his train, and that all this occurred in "only a couple of minutes or so."

Under the tendency of the evidence, as thus disclosed, we are of the opinion that it cannot be said that the plaintiff was guilty of contributory negligence as a matter of law; but we conclude that this issue was properly submitted for the jury's determination.—*A. G. S. R. R. Co. v. Skotzy, supra; L. & N. R. R. Co. v. Smith,* 129 Ala. 553, 30 South. 571; *L. & N. R. R Co v Hurt,* 101 Ala 34, 13 South. 130. We have carefully examined the case of *Aerkfetz v. Humphreys,* 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758, relied on by counsel for appellant in this connection. The facts of that case are different from those presented in plaintiff's evidence, and a review of that opinion does not persuade us that it at all militates against the conclusion here reached.

(3) There was evidence tending to show that in the yards at Flomaton—which is a junction point—there was a great deal of switching constantly going on, and that there were numerous tracks lying but a short distance apart; that the night was dark and the yards unlighted except for the switch lamps; that Flomaton yards are the largest between Mobile and Montgomery; and that the defendant's yards in these cities and in Pensacola are all electrically lighted.

We are of the opinion, under the evidence as noted here and in the statement of facts, that count A was properly submitted to the jury.—*L. & N. R. R. Co. v. Andrews,* 171 Ala. 200, 54 South. 553; *Frederick v. Coosa Pipe & Fdy. Co.,* 6 Ala. App. 310, 59 South. 702.

(4) Careful consideration has been given to the question presented by the motion for a new trial. We deem a discussion of the testimony unnecessary. We are not persuaded that a reversal would be rested on the action of the court in denying the motion. The trial court had the witness before him and the advantage of observing their demeanor on the stand. In cases of this character, where the witnesses give their testimony orally before the court, the rule announced in *Cobb v. Malone*, 92 Ala. 630, 9 South. 738, still obtains.—Acts 1915, p. 722; *Hackett v. Cash*, 196 Ala. 403, 72 South. 52; *Finney v. Studebaker*, 196 Ala. 422, 72 South. 54.

(5) Nor are we persuaded that it is our duty, under the rule announced in *Cen. Ga. Ry. v. White*, 175 Ala. 60, 56 South. 574, to disturb the judgment as one founded upon an excessive error of damages awarded.

No reversible error appearing in the record, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.