(130 So. 164)

## SMITH v. WARD BAKING CO.

### 8 Div. 997.

Court of Appeals of Alabama.

Oct. 7, 1930.

Douglass Taylor and Brickell & Johnston, all of Huntsville, for appellant.

Cooper & Cooper, of Huntsville, for appellee.

SAMFORD, J.

The action was for damages for personal injuries, brought by plaintiff against defendant for and on account of the negligence of defendant's agent in the operation of a certain automobile truck whereby plaintiff was injured, etc. The two major questions involved were: (1) The negligence of the driver of the truck and plaintiff's contributory negligence. (2) The agency of the driver. As to both of these questions the evidence was in conflict and were by the court submitted to the jury under appropriate instructions from the court. There was verdict for the plaintiff for $1,000.

Upon motion by the defendant the court after hearing the motion entered a judgment setting aside the motion and granting a new trial upon two specific grounds, to wit:

"7. The verdict of the jury is contrary to the preponderance of the evidence.

"8. The verdict of the jury was not supported by the weight of the evidence."

The two grounds above quoted relate to both of the major questions above referred to, either of which being decided adversely to plaintiff would preclude a recovery.

While it is argued in brief that the question of agency of the truck driver alone is involved in this appeal, this court has no means of knowing which of the two major questions influenced the mind of the trial court when considering the question of the weight and sufficiency of the evidence on the motion to set aside the verdict. So far as we know or can tell from the record, the consideration of the sufficiency of the evidence by the trial judge applied to the whole case. Since the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, the rule in this state has been: "Decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."

In the instant case, the trial judge had all of the testimony, observed the witnesses and their manner, and the evidence not being of such character as to plainly and palpably support the verdict, the judgment setting aside the verdict and granting a new trial must be affirmed.

Affirmed.