2 So.2d 775

## WEBB v. GAY.
### 8 Div. 81.

Supreme Court of Alabama.

June 5, 1941.

Hayes & Weeks, of Scottsboro, for appellee.

Proctor & Snodgrass, of Scottsboro, for appellant.

GARDNER, Chief Justice.

Plaintiff, Mary Gay, was riding a surf board, towed by a motor boat upon the waters of Guntersville Lake, when the board collided with a motor boat operated by defendant, and in which she suffered damages. The two counts submitted to the jury were for simple negligence, and upon consideration of the issue thus presented together with the plea of contributory negligence, the jury rendered a verdict for the defendant. But upon plaintiff's motion the trial court set aside the verdict and awarded a new trial, and from this ruling defendant prosecutes this appeal.

Plaintiff's proof, consisting of her own testimony and that of her companions (four in number) in the boat, tended to show that defendant operated his boat at high speed towards and dangerously near to the surf board on which plaintiff was riding and with knowledge of her position.

Defendant's evidence was to the effect his boat was operated with due care and reasonable speed and not towards the other boat or the surf board, and that the accident occurred by reason of a turn by the boat towing the surf board, thus suddenly throwing the board in a wide circle so that it struck his boat.

There is some difficulty from the record in a full understanding of all the proof as the witnesses used toy boats by way of illustrations which are more or less vague in the record. But upon the issues of fact as above indicated the testimony was in sharp conflict.

Among the grounds of the motion for a new trial was one that the verdict was contrary to the weight of the evidence. But the ruling of the court is based upon no specific ground, and in such instances the judgment is due to be sustained if any good ground is presented. In reviewing the action of the trial court in granting a new trial upon the ground the verdict is contrary to the weight of the evidence, this court is governed by the following rule announced in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, and since consistently followed: "And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict".

This has long been the established rule for our guidance and now too well settled to be open for debate. W. M. Templeton & Son et al. v. David, 233 Ala. 616, 173 So. 231; Louisville & N. R. R. Co. v. Byrd, 198 Ala. 271, 73 So. 514.

The argument of counsel for defendant, therefore, in criticism of the rule, does not, in our judgment, call for further discussion here. Guided by this rule we are unwilling to say that the action of the trial court in granting a new trial upon this ground is due to be here disturbed.

Perhaps the trial court considered also that he had too narrowly restricted plaintiff in her proof in declining to permit her offered proof that during the afternoon of the accident and immediately prior thereto defendant had operated his boat towards and dangerously near to the boat by which her surf board was being towed and in similar manner as in the instant case, though by suddenly turning away no damage resulted. If we have correctly interpreted the record such proof offered would seem to come within the principle of evidence stated in 45 C.J. 1237, and illustrated by the cited cases of Trow v. Thomas, 70 Vt. 580, 41 A. 652 and Hilary v. Minneapolis St. R. Co., 104 Minn. 432, 116 N.W. 933, as follows: "Evidence tending to show the actions and conduct of the person charged immediately prior to, and at the time of, the alleged negligent act is competent and admissible, provided it was part of the same transaction as that which resulted in the accident or injury complained of".

But in view of the result of an affirmance of the ruling of the trial court upon the ground first treated, no definite decision is necessary and further consideration of this question is pretermitted.

Let the judgment stand affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.