39 So.2d 398

## BIRMINGHAM ELECTRIC CO. v. GREENE.

### 6 Div. 760.

Supreme Court of Alabama.

March 17, 1949.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Harsh & Glasser, of Birmingham, for appellee.

STAKELY, Justice.

This suit was brought by Mrs. Jodie Greene against Birmingham Electric Company. The trial of the case resulted in a verdict and judgment for the defendant. Plaintiff filed a motion for a new trial which was granted by the court. This appeal is from that order. The motion is based on a number of grounds including the ground that the verdict of the jury is against the weight of the evidence. The order of the court does not show on what ground the motion was granted.

The complaint consists of two counts, one being based on simple negligence and the other on wanton misconduct. The defendant filed a plea of the general issue in short by consent. The case was submitted to the jury on both counts.

There were four witnesses who testified as to how the accident occurred. The testimony of the remaining witnesses related to the plaintiff's alleged personal injuries and damages to her car. According to the testimony of the plaintiff and two witnesses for the plaintiff, the plaintiff had been travelling in her car west on First Avenue in the City of Birmingham and had stopped at the intersection of 24th Street for a red light and the streetcar of the defendant ran into the rear of plaintiff's automobile while it was stopped. The left wheels of the car of the plaintiff were between the tracks of the defendant and she came to a gradual stop as the light turned red. According to the plaintiff she was preparing to make a left turn at the intersection and needed to get to the center of the street for that purpose. According to the plaintiff she ran at least a quarter of a block with her left wheels across the north rail of the tracks while the two witnesses for the plaintiff estimated that she thus travelled a longer distance on the track of the defendant before she came to a stop. All three testified that her car was the first car to reach and stop at the intersection at 24th Street. The car of the plaintiff was struck in the "trunk".

The testimony of the motorman of the defendant's streetcar testified that when he first saw the plaintiff's car it was on his righthand side even with the door. According to him, while he was pulling up to stop behind a car which was at the intersection, the plaintiff suddenly cut her car

to the left in front of the streetcar and behind the car which had stopped at the intersection, the distance between the streetcar and the car at the intersection being about the length of an automobile. He testified that when she cut across, she "straightened right even with the tracks." He testified that at the time plaintiff's car cut across his path he was travelling about 5 miles per hour and he immediately used all means at his command to avoid the accident. He testified that travelling at 5 miles per hour he could stop the streetcar in 15 feet.

 The principle appears to be established that where a trial court has granted a motion for a new trial and one of the grounds is that the verdict of the jury is against the weight of the evidence the appellate court will presume the ruling to be correct, unless the weight of the evidence palpably and plainly supports the verdict. Lindsay Products Corporation v. Alabama Securities Corporation, 247 Ala. 662, 25 So.2d 852. Upon a consideration of the evidence we do not see how we can say that the weight of the evidence in the present case palpably and plainly supports the verdict for the defendant. It appears to be conceded that the testimony of the motorman stands alone. At the time of the accident Walter Passmore, a claim agent of the defendant, was on the streetcar of the defendant. He was a witness for the defendant in the case, his testimony dealing substantially with events which occurred after the accident. He did not see the impact between the defendant's car and the automobile of the plaintiff and although he was seated on the righthand side of the aisle, he did not see the automobile pass the right side of the streetcar just before the accident. The undisputed evidence was that the plaintiff's automobile was struck in the rear on the "trunk" while it was standing still. According to the motorman the entire length of plaintiff's automobile passed in front of the streetcar, straightened out and came to a stop in the space of one length of the automobile.

 The plaintiff in the case is referred to by the appellant "as a respectable white lady". She and two witnesses who appear to be disinterested testified in effect that her automobile was on the streetcar track standing still and the streetcar ran into the rear of the car. All three testified that the plaintiff's car was the first car to reach the intersection after travelling at least a quarter of a block on the track of the defendant which was contrary to the testimony of the motorman that there was a car standing at the intersection ahead of the plaintiff's car and that plaintiff's automobile cut across the path of the streetcar immediately in front of the streetcar. It is obvious that the testimony of the plaintiff and the testimony of defendant is in irreconcilable conflict. As stated, we cannot say that the weight of the evidence plainly and palpably supports the verdict.

In view of the conclusion reached the judgment of the lower court must be affirmed and there is no need to discuss other points advanced in briefs.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.