49 So.2d 679

**WATSON v. HOLLIS.**

4 Div. 164.

Court of Appeals of Alabama.

Nov. 21, 1950.

Rehearing Denied Dec. 19, 1950.

L. A. Farmer, of Dothan, and Carl S. Farmer, of Abbeville, for appellant.

G. D. Halstead, of Headland, for appellee.

CARR, Judge.

This suit was brought by the plaintiff below for damages which in his complaint he claims he suffered because of negligence of the defendant. The verdict of the jury was favorable to the plaintiff.

The court granted the defendant's motion for a new trial, and this appeal is based on this action of the trial judge.

The order granting the motion does not disclose nor indicate the ground on which the judgment was predicated. In this state of the record we must sustain the judgment if we conclude that it is authorized on any ground assigned in the motion. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Crumpton v. Pilgrim Health & Life Ins. Co., ante, p. 363, 46 So.2d 848.

Among the grounds assigned in the motion is that the verdict was contrary to the great weight of the evidence.

The evidence for the appellant tends to show that the appellee suddenly steered his automobile in the path of appellant's car and to avoid a collision the latter was required to guide his vehicle into a ditch. Damages to his automobile and personal injuries to some of the occupants ensued when the car turned over. The factual issues centered around the alleged negligence of the appellee and the claimed contributory negligence of the appellant.

The appellate courts are committed to the rule that an order granting a motion for a new trial, in a case tried by a jury, will not be disturbed "unless the evidence plainly and palpably supports the verdict." We have reference here, of course, to the ground that the verdict is contrary to the great weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Hall v. Clark, 225 Ala. 87, 142 So. 65.

The possibility of another trial deters us from attempting a delineation of the evidence or an analysis of its tendencies. Much of the testimony was given by witnesses who were unquestionably interested in the outcome of the case. The contentions of the parties, as disclosed by the evidence, are in irreconcilable conflict.

The trial judge saw and heard the witnesses and granted a motion for a new trial. We are not prepared to hold that the evidence so plainly and palpably sup-. ported the verdict of the jury as to put the lower court in error in setting same aside.

The following authorities support our view. Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Webb v. Gay, 241 Ala. 336, 2 So.2d 775; Burger v. Watts, 25 Ala.App. 79, 140 So. 886; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Smith v. Ward Baking Co., 24 Ala.App. 66, 130 So. 164; Hopkins v. Harrison, 228 Ala. 180, 153 So. 255.

It is ordered that the judgment below be affirmed.

Affirmed.