59 So.2d 623

## ABBOTT v. ALABAMA COCA COLA BOTTLING CO.

### 8 Div. 1.

Court of Appeals of Alabama.

June 10, 1952.

478

Herbert H. Conway, Albertville, for appellant.

Marion F. Lusk, Guntersville, for appellee.

CARR, Presiding Judge.

In the court below the plaintiff's cause of action was for damages to personal property arising out of a collision between his automobile and defendant's truck.

The jury returned a verdict in favor of the plaintiff.

On motion of the defendant the presiding judge granted a new trial. This appeal is based on this judgment.

In the motion for a new trial there are several grounds stated. Among them is that the verdict of the jury was contrary to the great weight of the evidence.

The judge did not specify in his order the ground of the motion on which his action was based.

In this state of the record, if we conclude that the judgment of the lower court is authorized on any ground assigned in the motion, we should not disturb the action of the trial judge in granting the motion. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Watson v. Hollis, 35 Ala.App. 519, 49 So.2d 679.

We will confine our review to the ground that the verdict was contrary to the great weight of the evidence.

Without dispute in the evidence the appellant's automobile collided with appellee's truck while the two vehicles were proceeding in opposite directions along a paved highway. The time was in the late afternoon, soon after dark.

According to the appellee's evidence the driver of appellant's car was proceeding on the wrong side of the road and with only one headlight burning. There was some evidence also that at the time this driver was under the influence of intoxicating liquors.

The evidence in appellant's behalf presented a contrary state of circumstances. The effect of this proof was that the truck was proceeding on the wrong side of the road; that the automobile was properly equipped with two burning headlights, and that the operator of the latter vehicle was not intoxicated.

Our approach to the matter of instant review is governed by well established rules.

In general it may be stated that appellate courts should accord favorable presumptions to the ruling of the trial judge in his action in granting a motion for a new trial. On review this judgment should not be disturbed unless the evidence plainly and palpably supports the verdict.

The guiding and controlling principles have been announced frequently throughout the judicial history of our appellate court decisions.

See, Cobb v. Malone, 92 Ala. 630, 9 So. 738; Webb v. Gay, 241 Ala. 336, 2 So.2d 775; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Watson v. Hollis, supra; Smith v. Ward Baking Co., 24 Ala.App. 66, 130 So. 164.

In consonance with these doctrines, it is our considered conclusion that the judgment below should be affirmed. It is so ordered.

Affirmed.