63 So.2d 369

## ROMANO v. THROWER.

### 4 Div. 696.

Supreme Court of Alabama.

Feb. 26, 1953.

J. Hubert Farmer, Dothan, for appellant.

W. Perry Calhoun and J. N. Mullins, Sr., Dothan, for appellee.

LAWSON, Justice.

C. C. Thrower instituted proceedings in the probate court of Houston County in accordance with the terms and provisions of §§ 56–58, Title 19, Code 1940, to acquire a right of way over land of Frank Romano. Relief was denied Thrower in the probate court and he appealed to the circuit court of Houston County, where the verdict of the jury was for Romano. Judgment was in accord with the verdict. Thrower then duly filed his motion to set aside the verdict and judgment and to grant him a new trial. This motion contained eleven grounds, several of which sufficiently took the point that the verdict of the jury was not sustained by the great preponderan e of the evidence. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; § 276, Title 7, Code 1940. The trial court set aside the judgment and granted a new trial, without specifying the ground or grounds of the motion which it thought well taken. From this action of the trial court Romano has appealed to this court.

We have said that where the trial court grants a motion for new trial without indicating the ground or grounds of the motion which it thought justified the ruling, this court will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence. Camp v. Atlantic Coast Line R. Co., 251

Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181.

■ In Birmingham Electric Co. v. Greene, 252 Ala. 40, 41, 39 So.2d 398, 399, we said in part as follows:

"The principle appears to be established that where a trial court has granted a motion for a new trial and one of the grounds is that the verdict of the jury is against the weight of the evidence the appellate court will presume the ruling to be correct, unless the weight of the evidence palpably and plainly supports the verdict. Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852."

■ We see no occasion to set out the evidence in this opinion. It has received careful and studied consideration in consultation and we do not see how we can say that the weight of the evidence in the present case palpably and plainly supports the verdict for the defendant. It follows, therefore, that the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.