247 So.2d 116

**Bennie Faye BOYD**

v.

**Ollis SHAW.**

**Bennie Faye BOYD**

v.

**William THOMAS.**

6 Div. 789, 789–A.

Supreme Court of Alabama.

April 15, 1971.

Huey, Stone & Patton, Bessemer, for appellees.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

28

PER CURIAM.

Defendant, Bennie Faye Boyd, appeals from judgments of the trial court that granted each plaintiff's motion for a new trial. The effect was to vacate the verdicts of the jury for the defendant in each of the cases that were consolidated for trial. The appeals are here consolidated.

The plaintiffs each filed suit to recover damages that resulted from the collision of two automobiles. Plaintiffs were riding in one of the automobiles and defendant (appellant) was driving the other. Plaintiff Ollis Shaw was driving his car and plaintiff Thomas was a passenger, or occupant, therein. The collision occurred near the intersection of 15th Street and 8th Avenue in the City of Bessemer, Alabama.

The trial court granted each plaintiff's motion for a new trial. The court did not specify in its order or indicate which ground of the motion was the basis for the order granting the new trials. Each motion contained a plural number of grounds. Grounds 1 and 2 assert that the verdict is so contrary to the evidence as to be wrong and unjust and that the jury misunderstood the issues involved in said cause.

This court has said that where the trial court grants a motion for a new trial without indicating the ground or grounds of the motion which it thought justified the ruling, this court will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence. Romano v. Thrower, 258 Ala. 416, 63 So.2d 369; Camp v. Atlantic Coast Line Railroad Company, 251 Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181.

We may observe, without burdening this opinion with too much detail, that appellee Shaw, with appellee Thomas as a passenger or occupant, was driving his automobile east on 15th Street in the City of Bessemer, and as he approached the 8th Avenue intersection with said street, there was a collision between his automobile and the automobile driven by appellant, who also was traveling east. The street had four lanes for traffic. Two lanes were for east-bound traffic and two lanes for traffic traveling west. There was a center line separating the lanes. The Shaw automobile suffered bashed metal on both the front and rear. The front of the Shaw car collided with an automobile of one Mr. Bush that was just ahead and on the inside lane. The right rear of the Shaw car was bashed from an impact with the Boyd automobile. The Boyd car was damaged on the left front.

Plaintiff Shaw contended, with supporting evidence, that he was traveling on the inside lane when the defendant's automobile hit his car with such force and impact that it collided with the Bush car just ahead of him on the inside lane.

The defendant (appellant) contended, also with supporting evidence, that she was on the outside lane when the Shaw car crossed over into her lane in such manner as to cause the collision between her car and the Shaw automobile; that the Shaw car first hit the Bush car just ahead before the impact with her car. The collisions resulted in the Bush car hitting an automobile driven by a Mr. Apperson just ahead —a chain of collisions.

Two officers investigating the accidents testified as to the presence of skidmarks made by appellant's automobile on the outside lane; also as to skidmarks made by the Shaw car on the inside lane. Mr. Bush, the driver of the car in front of the Shaw car, testified that the Shaw car was behind him on the inside lane, and that there were no skidmarks behind the Shaw and Boyd automobiles.

We here note, but omit specific reference thereto, that there were some satellitic conflicts of testimony—such as to whether Mr. Thomas and Mr. Shaw were under the influence of alcohol.

The trial court saw and heard the witnesses. In Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 470, 91 So.2d 828, 829 (cited in Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362), we observed:

> "It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error."

See also German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Cobb v. Malone, 92 Ala. 630, 9 So. 738, " * * * meaning, as we think, that this court will not reverse in such case, unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error." Parker v. Hayes Lumber Co., supra.

In the light of the conflict of evidence, and the opportunity of the trial court to hear and observe the witnesses, to watch the blackboard illustrations which are more or less obscure in the record and difficult to follow, we are not convinced that the evidence plainly and palpably supports the verdict. We decline to reverse the orders granting the new trials.

The judgments of the trial court in granting the motions for new trial are affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and SIMPSON, COLEMAN, BLOODWORTH, and McCALL, JJ., concur.