170 So. 211

**GERMAN–AMERICAN WHOLESALE OPTICAL CO. et al. v. ROSEN.**

6 Div. 858.

Supreme Court of Alabama.

Oct. 15, 1936.

Clifford Emond and Smith, Windham, Jackson & Rives, all of Birmingham, for appellants.

Coleman, Spain, Stewart & Davies and Carl G. Moebes, all of Birmingham, for appellee.

GARDNER, Justice.

The suit was by appellee against appellants on an attachment bond. Section 6214, Code 1923. There was verdict for plaintiff in the sum of $1, which the trial court, on plaintiff's motion based upon the inadequacy of the recovery, set aside, and from the judgment granting a new trial, defendants appeal.

The sole question presented relates to the matter of inadequacy of the sum awarded plaintiff. Alabama Fuel & Iron Co. v. Andrews, 215 Ala. 92, 109 So. 750; Mobile & Ohio R. Co. v. Brassell, 188 Ala. 349, 66 So. 447.

Plaintiff proved actual damages in excess of $1,200, and defendants offered proof of statements made by him, which he denies, to the effect that other interested parties were paying all such expenses and there was no loss to himself. Plaintiff's evidence further tended to show the attachment against him was not rested upon any bona fide claim against him, but was resorted to for the purpose of inducing a settlement of the matter by nonresident corporations with which he was supposed to be connected, and that therefore punitive damages were likewise recoverable. Section 6214, Code 1923.

■ The testimony upon each of these matters was in sharp conflict. The trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of his ruling. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, 505;

Jackson v. Roddy, 224 Ala. 132, 139 So. 354.

■■ The evidence has been considered with due care, but for fear its consideration on another trial may be prejudiced thereby, we forego any discussion here. The rule by which we are here guided is well understood. "On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict.' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error." Parker v. Hayes Lumber Co., supra.

Upon a study of the case we are unable so to conclude in the instant case, and the ruling made will, therefore, here remain undisturbed.

The cases of Mobile & Ohio R. R. Co. v. Brassell and Alabama Fuel & Iron Co. v. Andrews, supra, upon which defendants rely, state of course no different rule for the court's guidance, but are so dissimilar as to the facts as to be of no practical value on this appeal.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.