35 So.2d 181

**HYDE et al. v. NORRIS et al.**

8 Div. 400.

Supreme Court of Alabama.

March 18, 1948.

Rehearing Denied May 13, 1948.

Jas. L. Orman, of Russellville, and Orlan B. Hill, of Florence, for appellants.

W. H. Key, Jr., and Williams & Stell, all of Russellville, for appellees.

FOSTER, Justice.

This is a contest of the will of Mrs. Nannie Hyde by some of her children. It was executed January 9, 1947, and she died March 25, 1947, at the age of eighty-four. She had eight children, all alive at her death. She had tuberculosis, and had been in the hospital twice during the preceding year, but was sent home because nothing could be done for her. She had resided in her own home, with one son (Herbert) being taken care of by her. She had real estate in Russellville, and a small tract of land in Colbert County, and money and personal effects. She specified what disposition should be made of each parcel of land, and which child should have it. All but one child received a parcel of land. That one she said had received his share. He and some of the others who thought the parcel left them, respectively, was an unequal share, contested. The money and effects were by the will to be equally distributed between them all.

The grounds of contest were principally mental incapacity and undue influence. There was a verdict in favor of contestants (defendants). The court granted a motion for a new trial and set aside the verdict and judgment, and defendants appeal. The court did not indicate the ground on which the motion was granted. The motion included as grounds that the verdict was contrary to the weight of the evidence, and various adverse rulings on evidence and on requested charges. So that we are authorized to assume that it was upon a conviction that the verdict

was not supported by the weight of the evidence. As said in Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, we attach no controlling importance to the fact that the motion described the verdict as contrary to the weight of the evidence, rather than the great preponderance of the evidence as used in the statute. Section 276, Title 7, Code.

The affirmative charge was also requested by plaintiffs as to the grounds of mental incapacity and undue influence, each separately. On the question of undue influence, we have repeatedly held that the burden is on contestants, in order to raise a presumption of undue influence, to prove a dominant confidential relationship and undue activity in the execution of a will by or for a favored beneficiary. Street v. Street, 246 Ala. 683, 22 So.2d 35; Cook v. Morton, 241 Ala. 188, 1 So.2d 890, 892; Kilgore v. Atkinson, 227 Ala. 310, 149 So. 808; Mindler v. Crocker, 245 Ala. 578, 18 So.2d 278. And the activity must be more than a compliance with or obedience to the free and voluntary instructions or directions of testatrix. Mindler v. Crocker, supra.

This testatrix is shown to have had a very strong mind and will of her own; and it further appears that not one of the so-called favored beneficiaries, nor anyone else, had a dominant influence over her, or was active in the preparation or execution of the will except as directed by her.

It may be that equal values were not given each child. But that was done after careful consideration by testatrix, and without any appearance of undue influence exerted by anyone on her, or the intention unduly to favor any of them.

Plaintiffs were entitled to the affirmative charge on the claim of undue influence, and the court was justified for that reason in granting the motion and ordering a new trial.

And on the issue of mental incapacity, we do not think that the evidence so plainly and palpably sustained the verdict as to justify us in disagreeing with the judgment of the trial court in granting the motion for a new trial on the ground that the verdict on that issue was contrary to the great preponderance of the evidence. Parker v. Hayes Lumber Co., supra. The judgment should be affirmed for that reason also. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Webb v. Gay, 241 Ala. 336, 2 So.2d 775; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852.

We need not consider other grounds of the motion for a new trial.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.