71 So.2d 284

## HARRISON v. BAKER.

### 4 Div. 752.

Supreme Court of Alabama.

March 18, 1954.

Forest L. Adams, Abbeville, Rushton, Stakely & Johnston, Montgomery, for appellant.

G. D. Halstead, Headland, Crews Johnston, Clayton, for appellee.

car, and that she attempted to get defendant out of his car but could not do so as he was unconscious. Both cars were in the road on opposite sides. On cross examination she testified that she ran up there; that Mr. Harrison (plaintiff) made a statement to her, when the following occurred:

"Q. What did he say? A. He said, * * *.

"Mr. Johnston: We object.

"Mr. Porter: Part of the res gestae, your honor.

"The court: Overrule the objection.

"Q. What did he say? A. He said, 'For God's sake, lady, get that man's name and tag number. He was sweeping from one side of the road so, until I couldn't miss him.'

"Mr. Porter: That is all.

"Mr. Johnston: We make a motion to exclude the answer to the last question.

"The court: Overrule the motion.

"Mr. Johnston: We except.

"(The witness was excused and withdrew from the court room.)

"Mr. Johnston: We would like to reserve an exception to both the ruling of the court on the objection and on the motion to exclude.

"The court: All right."

(Mr. Porter represented plaintiff. Mr. Johnston represented defendant.)

After the verdict and judgment for plaintiff, defendant made a motion for a new trial on the usual grounds and also on the ground of error committed by the court in allowing the witness, over the objection of defendant, to testify that plaintiff, shortly after the accident, said: "For God's sake, lady, get that man's name and tag number. He was sweeping from one side of the road so, until I couldn't miss him." Another ground was in overruling defendant's motion to exclude the above recited testimony.

## PER CURIAM.

The question in this case is whether there was reversible error in the action of the court in granting a new trial on motion of defendant. The plaintiff recovered a judgment for personal injuries and for damage to his car on a count in the complaint charging negligence by defendant in causing the collision.

The trial court in granting the motion for a new trial based it on what the judge considered an error which he made in overruling objection to the evidence of the witness Mrs. Maude Herring, given on cross-examination. She was a witness for defendant. She testified on direct examination that she lived two hundred or three hundred yards from where the collision occurred: that she heard the impact and went immediately to the scene and was there after the accident "a minute, I would say, not over two". That when she got there both parties were in their automobiles. She stated what she found as to the position of each car; that she assisted in getting plaintiff out of his

The judgment of the court recited the fact that defendant "offered in evidence an ex parte affidavit pertaining to a statement made by a juror, after original trial, pertaining to the testimony that, as he understood it, was considered by the jury in its deliberations in reaching a verdict for the plaintiff", and that objection was made to the affidavit. The court, at the conclusion of the hearing, and having expressed the opinion that he had committed error in overruling the objection to the evidence of Mrs. Herring, mentioned above, announced its opinion that the ex parte affidavit would not violate the rule that transactions in the jury room cannot be given in evidence by a juror to break down a jury verdict, but "that the admission of this ex parte affidavit would not violate that rule and would be helpful to the court in determining whether or not the error committed by the court in admitting the statement of the plaintiff, as hereinabove referred to was prejudicial to the defendant. The court has considered this ex parte affidavit in reaching its conclusion." The essential features of the affidavit are as follows:

"That after the trial of said cause and in which the jury returned a verdict for the plaintiff of $5000. affiant was in the court house of said county in Abbeville, and at which time there were present O. B. Harrison, the plaintiff in said cause, Charles Porter, one of plaintiff's attorneys, one of the jurors who tried said cause, and affiant. That at said time and place Charles Porter asked the juror, whose name is unknown to affiant, in substance, 'What testimony they considered most in arriving at their verdict, or what testimony they accorded the greatest weight, or what testimony impressed them most.' Whereupon the juror named two or three bits of testimony, among which was the testimony of the witness Mrs. Maude Herring, and where she testified on cross examination to the declaration or statement that Mr. Harrison made to her after the accident."

The judgment then recites that plaintiff insists that defendant did not interpose timely objection and exception to the questions and answers which brought out the questionable statement. The judgment then refers to the status of what occurred (as it has been set out above) and then stated: "It was the purpose and intent of the court to give counsel for defendant, when the court said 'all right,' the full and complete benefit of all objections, exceptions and motions to any ruling the court might have made in connection with the admission in evidence of the statement made by plaintiff. The court cannot, without violating its conscience, do otherwise at this time and will not do otherwise." It was then ordered that the verdict and judgment be set aside and defendant be granted a new trial, to which plaintiff excepted.

The appeal is authorized by section 764, Title 7, as amended, Pocket Part, Code.

The first point made by appellant is that the exception was not available because it was not taken to the ruling of the court before a responsive answer was made to the question. It is true we have said that "timely objection to a question is necessary and the point is not preserved if the objector speculates on the answer and waits until after the answer to reserve an exception to the ruling." Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594, 597, and cases there cited; also Atlanta and St. Andrews Bay R. Co. v. Fowler, 192 Ala. 373, 68 So. 283.

It is said that "the primary and essential function of an exception is to direct the mind of the trial judge to a single and precise point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated." United States v. United States Fidelity and Guaranty Co., 236 U.S. 512, 35 S.Ct. 298, 303, 59 L.Ed. 696; 3 Am.Jur. 47, section 271. A history of the statement of our cases, supra, shows that the court was solicitous that a party should not speculate on what the answer should be before objecting, and that the trial judge should know that he would be reviewed for overruling the objection, so that he could change his

ruling if he wished to do so. The time when the exception is taken is said to be for the benefit of the trial judge. The time when the objection is made and ruling had is said to prevent speculation. So that if the circumstances of the trial show a ruling on a timely objection and that the court was duly apprised of a purpose to review that ruling on appeal, it should be sufficient in view of the purpose of an exception. When the court gives assent to the exception it is shown that he has timely notice of a purpose to review and should then change his ruling if he wishes to do so.

■ The record shows a timely objection to the question calling for the evidence, and that it was overruled. The question was repeated apparently for the benefit of the witness. It was not necessary to repeat the objection and get another ruling. True then was the time to except, the ruling having been made. But the court indicated his willingness to approve the exception which came later. The exception therefore served its purpose, and the time when taken should not be used to prejudice the defendant. However, there is also a rule, which is soundly stated, that the trial "court may in its discretion consider an error (on a motion for a new trial) even though proper objection or exception was not taken." 66 C. J.S., New Trial, § 13, note 81, p. 105. The principle is thus stated in Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S.W.2d 695, 697, 127 A.L.R. 711: "Exceptions, while essential to preservation for appellate review of matters outside the record proper, are immaterial in considering the propriety of the trial court's action *in granting* a new trial, because 'the trial court may grant a new trial on account of any erroneous ruling made by it, whether excepted to or not.'" The common law power of a court to grant a new trial exists when the court has made an erroneous ruling which is prejudicial to the losing party although no exception is reserved. But it would not be reversible error to overrule the motion when an exception was not duly reserved. The court may, without error, grant a new trial based upon argument of opposing counsel when no objection was made to the argument and no ruling had on it, when it is grossly improper

and highly prejudicial. Louisville and Nashville R. Co. v. Sullivan Timber Co., 126 Ala. 95, 104, 27 So. 760; Birmingham Ry. Light & Power Co. v. Gonzalez, 183 Ala. 273(13), 61 So. 80. These cases illustrate the theory that the court may sometimes grant a new trial, without reversible error, when it would not have been reversible to deny such a motion based on the same situation.

■ Section 276, Title 7, Code, provides certain statutory causes for a new trial. Among them is "error of law occurring at the trial and excepted to by the party making the application." This is not a limitation on the common law power of the court. Ingalls Shipbuilding Corporation v. Cahela, 251 Ala. 163(8), 36 So.2d 513; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

■■ It is urged that the court erred in considering the affidavit of Mr. Johnston, attorney for defendant, to which reference has been made. This is on two grounds: (1) that it is hearsay evidence and (2) it is in respect to the deliberations of the jury. We think it is subject to both contentions. It was hearsay. City of Eufaula v. Speight, 121 Ala. 613, 25 So. 1009; State, ex rel. Bailes v. Guardian Realty Co., 237 Ala. 201, 186 So. 168; Austin v. Tennessee Biscuit Co., 255 Ala. 573(17), 52 So.2d 190. The juror could not testify how the matter was considered in the jury room, although there are certain other incidents of which he could testify to support the verdict. Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782; McCormick v. Badham, 204 Ala. 2, 9, 85 So. 401. But, as said in 66 C.J.S., New Trial, § 196, note 17, p. 472: "Their testimony to the effect that particular statements materially affected the verdict may be disregarded as mere matter of opinion."

We think it is not here important whether the trial judge admitted the affidavit or not, and that it is clear that a juror cannot testify that certain evidence was or was not influential. But if he does testify that it was influential, the court should not give importance to it. The evidence referred to

will be treated upon its legality as such. If it was illegal, we must assume that its influence was what it purports to be and that it was so treated by the jury.

The only ground of the motion for a new trial which is argued by counsel is that mentioned in the judgment of the court granting it, that there was error in overruling the objection to that evidence and the motion to exclude it. It was undoubtedly prejudicial to defendant and needs no evidence that it was so.

The objection which was made to the question involved did not state any grounds. The legality of the question must be treated as if the objection were based on general grounds. This court has often held that a general objection should be sustained if the evidence is not legal for any purpose and cannot be made legal by other evidence or by otherwise framing the inquiry. Louisville and Nashville R. Co. v. Scott, 232 Ala. 284(17), 167 So. 572; Circuit Court Rule 33; Code 1940, Tit. 7 Appendix. If the evidence here involved was not legal it was not admissible for any purpose. Its legality is not dependent upon other evidence not before the court, nor by otherwise framing the question. The question was in proper form.

■ The only inquiry is whether other evidence shows that the statement attributed to plaintiff, about which the witness testified, was a part of the res gestae of the accident. We have recited above the substance of the evidence in that respect. We therefore turn now to the principle of res gestae. It was said by the court in Bessierre v. Alabama City, G. & A. R. Co., 179 Ala. 317, 330, 60 So. 82, 86, that: "It is difficult, if not impossible, to accurately define the principle of res gestae". The opinion then quotes from Alabama G. S. R. Co. v. Hawk, 72 Ala. 112, 117, that: "It is commonly said to have reference to such circumstances and declarations as are contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character. 1 Greenl. Ev. § 108. What lapse of time is embraced in the word 'contemporaneous' is often a question of difficulty.

Perfect coincidence of time between the declaration and the main fact is not, of course, required. * * * The declaration must, however, be so proximate in point of time as to grow out of, elucidate, and explain the character and quality of the main fact, and must be so closely connected with it as to virtually constitute but one entire transaction, and to receive support and credit from the principal act sought to be thus elucidated and explained. The evidence offered must not have the ear-marks of a device, or afterthought, nor be merely narrative of a transaction which is really and substantially past." It was said to be material that the declaration was made in response to questions, as in Alabama Power Co. v. Ray, 249 Ala. 568, 32 So.2d 219, in which a statement was made, apparently at the request of the bus driver who was in the accident and sought it to make a report. The question is for the court. 32 C.J.S., Evidence, § 418, p. 48. For a full discussion of the subject, see 32 C.J.S., Evidence, § 403, pages 19, et seq.

■ The statement was made to Mrs. Herring in the instant case "about a minute, not more than two minutes" after the collision, before either party or his car was moved, and not in answer to a question. It was not to make a record or report as in the Alabama Power Company case, supra, but has all the earmarks of a spontaneous exclamation. Plaintiff's eruption, "For God's sake, lady, get that man's name and tag number" has no import but that of spontaneity. His further statement, "He was sweeping from one side of the road so, until I couldn't miss him", was but a part of the effusive expression of what had immediately occurred, without any indicia of a mere narrative, but appeared to be instinctive rather than deliberative.

Each case must be controlled by its facts and circumstances, as it is not to be expected that any two will have the same incidents to be given effect in that respect.

We think the trial court correctly ruled in the first instance in overruling the objection to the question and the motion to exclude it. He should not therefore have granted the motion for a new trial based

solely on that ruling. That judgment should be reversed and one here rendered overruling said motion and restoring the judgment which had been set aside.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.