90 So.2d 816

**Henry CHISOM**

v.

**WOODWARD IRON COMPANY.**

6 Div. 825.

Supreme Court of Alabama.

Nov. 15, 1956.

Lipscomb, Brobston, Jones & Brobston and W. E. Brobston, Bessemer, for appellant.

B. J. Dryer, Woodward, for appellee.

LIVINGSTON, Chief Justice.

Henry Chisom, appellant, and ten others brought suits against Woodward Iron Company, appellee. These suits were tried together. The trial of the cases resulted in separate verdicts for each of the eleven plaintiffs. Appellee filed a motion for a new trial, which was granted by the trial court. This appeal is from that order. The motion is based on a number of grounds, including the ground that the verdict of the jury is contrary to the great preponderance of the evidence. The order of the court does not show on what ground the motion was granted.

The verdict for Henry Chisom, this appellant, was for $1,100. The several verdicts for the other ten plaintiffs in the court below, was, in each case, less than $1,000. As a consequence, the appeal in the Henry Chisom case is to this court and the appeals in the other ten cases are to the Court of Appeals.

The Henry Chisom case went to the jury on Counts 2 and 3. Count 2 charged appellee with negligent mining operations which proximately resulted in injury to appellant's well, and Count 3 is substantially the same as Count 2, except that there is an additional averment that large surface cracks appeared in or adjacent to the appellant's real property. In short, the essence of each count is, that in underground mining operations, the defendant conducted such operations so negligently as to cause the water in plaintiff's well to dry up or to drain from plaintiff's well into defendant's mine.

Where the trial court grants a motion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds

on which the motion is based is that the verdict is against the weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict. Romano v. Thrower, 258 Ala. 416, 63 So.2d 369; Ford v. Sellers, 257 Ala. 404, 59 So.2d 799; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852.

After a careful consideration of the evidence, we cannot say that the great weight of the evidence supports the verdict and that the trial court's action in setting it aside was clearly and palpably wrong.

The cause is due to be affirmed, and it is so ordered.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.