108 So.2d 163

**STATE of Alabama**

**v.**

**Grady LOFTIN.**

**5 Div. 702.**

Supreme Court of Alabama.

Jan. 8, 1959.

J. Sydney Cook, Jr., Sp. Asst. Atty. Gen., and Ruth S. Sullivan, Opelika, for appellant.

Brown & McMillan, Auburn, for appellee.

GOODWYN, Justice.

This is a condemnation proceeding brought by the state pursuant to Code 1940, Tit. 19, Chap. 1, to acquire, for public highway purposes (§ 14, Tit. 19), certain land belonging to Grady Loftin, appellee, located in Lee County. The land is to be used in the construction of U. S. Highway No. 29, a part of the new interstate highway system. The proceeding originated in the probate court of Lee County, where the commissioners assessed damages and compensation in the amount of $10,250 and an order of condemnation was made pursuant thereto. The state appealed from said order to the circuit court of Lee County where a trial de novo (§ 17, Tit. 19) was had before a jury. The jury returned a verdict fixing the amount of damages and compensation at $7,000. Judgment and an order of condemnation followed. Appel-

lee then filed a motion for a new trial. Among the grounds assigned in support of the motion are several taking the point that the verdict of the jury was not sustained by the great weight and preponderance of the evidence. The trial court granted the motion, from which ruling the state brings this appeal.

In granting the motion the trial court did not spell out the ground or grounds which it considered to be well taken. However, the following authorities are cited in the order, viz.: Section 276, Tit. 7, Code 1940; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278.

■ Section 276, Tit. 7, supra, sets out certain causes for granting a new trial. Among them is the following: "That the verdict or decision is not sustained by the great preponderance of the evidence." Two of the cases cited by the trial court dealt with orders granting new trials on the ground that the verdict failed to do justice between the parties which, as recognized in those cases, is a common law cause for granting a new trial. We have held that the causes enumerated in § 276, supra, are not the exclusive causes for granting a new trial; that "courts of record have inherent power independent of the statute to set aside and vacate their orders or judgments within the term and for common-law causes." Batson v. State, 216 Ala. 275, 113 So. 300, at page 302; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Equitable Finance Co. v. Burns, 220 Ala. 559, 126 So. 885.

■ It is to be noted that the trial court, in citing § 276, did not specify which of the statutory grounds it thought justified its ruling. In this situation we will, on review here, "indulge the presumption

448

that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence." Romano v. Thrower, 258 Ala. 416, 417, 63 So.2d 369, at page 370; Chisom v. Woodward Iron Co., 265 Ala. 212, 213, 90 So.2d 816; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181. The rule is thus stated in Chisom v. Woodward Iron Co., supra [265 Ala. 212, 90 So.2d 817]:

"Where the trial court grants a motion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds on which the motion is based is that the verdict is against the weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict. * * *"

As to the other ground on which the trial court undoubtedly based its ruling (failure of the verdict to do justice between the parties), we quote the following from Parker v. Hayes Lumber Co., supra [221 Ala. 73, 127 So. 504]:

" * * * The evidence in this case was in conflict, as we have said, but, if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. * * *"* [Emphasis supplied.]

Also see: German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211.

After carefully considering the evidence, we cannot say that it plainly and palpably supports the verdict and that the trial court's action in setting it aside was plainly and palpably wrong.

We have not discussed the evidence in this opinion "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Parker v. Hayes Lumber Co., supra [221 Ala. 73, 127 So.2d 505]; Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, supra.

The judgment appealed from is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.