112 So.2d 448

Mary Ruth **HOLDERFIELD**

v.

Sarah Jackson **DEEN** et al.

6 Div. 347.

Supreme Court of Alabama.

May 28, 1959.

Grover S. McLeod, R. Clifford Fulford and Levine, Fulford & Gwaltney, Birmingham, for appellant.

Barber & Haigler and Dempsey F. Penington, Birmingham, for appellees.

GOODWYN, Justice.

This is an appeal by the plaintiff from a judgment of the circuit court of Jefferson County granting defendants' motion for a new trial in a personal injury action. In granting the motion the trial court did not specify which ground or grounds of the motion it thought justified its ruling. Among the 38 grounds are several taking the point that the verdict is not sustained by the great preponderance of the evidence.

The case went to the jury on count C, the essential averments of which charge defendants, as owners of a house, with negligence in voluntarily undertaking to repair "the plumbing in the kitchen in said house, which kitchen, prior to said time, was in a reasonably safe condition," by disconnecting the drain to the sink in the kitchen thereby negligently permitting said drain "to be disconnected for a long period of time so that water accumulated on the floor of said kitchen which was known to the defendants or would have been known by the defendants with due diligence that said floor would be dangerous to persons using said kitchen." It is further alleged that, "as a proximate consequence of the aforementioned negligence, the plaintiff in the lawful use of her kitchen fell onto the floor of said kitchen," causing the injuries complained of.

Defendants entered a plea in short by consent.

Code 1940, Tit. 7, § 276, sets out certain causes for granting a new trial. Among them is the following: "That the verdict or decision is not sustained by the great preponderance of the evidence, * *." It should be noted, however, that we have held that the causes enumerated in § 276 are not the exclusive causes for granting a new trial; that "courts of record have inherent power independent of the statute to set aside and vacate their orders and judgments within the term and for common-law causes." State v. Loftin, 268 Ala. 446, 108 So.2d 163, 164; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Equitable Finance Co. v. Burns, 220 Ala. 559, 126 So. 885; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300. A common law cause for granting a new trial is that the verdict failed to do justice between the parties. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., supra.

It is an established rule of review that when the trial court, in granting a motion for a new trial, does not specify the ground or grounds of the motion which it considered to be well taken, we will "indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence [a statutory cause] or that the verdict was unjust in the light of the evidence [a common law cause]." State v. Loftin, supra [268 Ala. 446, 108 So.2d 164]; Chisom v. Woodward Iron Company, 265 Ala. 212, 213, 90 So.2d 816; Romano v.

Thrower, 258 Ala. 416, 417, 63 So.2d 369; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181. It is thus stated in Chisom v. Woodward Iron Company, supra [265 Ala. 212, 90 So.2d 817]:

"Where the trial court grants a motion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds on which the motion is based is that the verdict is against the weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palably supported the verdict. * *˙ *"

With reference to the common law cause above referred to (failure of the verdict to do justice between the parties), we quote the following from Parker v. Hayes Lumber Co., supra [221 Ala. 73, 127 So. 504]:

"* * * [I]f the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. * * *"* [Emphasis supplied.]

After carefully considering the evidence in consultation we cannot say that it plainly and palpably supports the verdict and that the trial court's action in setting the verdict and judgment aside was plainly and palpably wrong. As said in German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211, 212:

"* * * The trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of his ruling."

▆▆ Appellant directs attention to § 764, Tit. 7, Code 1940, as amended by Act No. 57, approved June 10, 1949, Acts 1949, p. 81, wherein it is provided that on an appeal from a decision on a motion for new trial "no presumption in favor of the correctness of the judgment of the court appealed from, shall be indulged by the appellate court." We have held that that provision has not changed "the rule that the presumption on appeal is in favor of the correctness of the finding of the trial court." W. T. Smith Lumber Co. v. McKenzie, 256 Ala. 496, 500, 55 So.2d 919, 922; Price v. Price, 199 Ala. 433, 435, 74 So. 381; Hatfield v. Riley, 199 Ala 388, 390, 74 So. 380. Cf. Davis v. Harrell, 209 Ala. 528, 96 So. 616; Hackett v. Cash, 196 Ala. 403, 405–406, 72 So. 52; Finney v. Studebaker Corporation of America, 196 Ala. 422, 424–425, 72 So. 54.

We have not discussed the evidence in this opinion "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." [221 Ala. 73, 127 So. 505.] Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, supra; Parker v. Hayes Lumber Co., supra.

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.