150 So.2d 753

Jeanette TYLER

v.

DOCTORS HOSPITAL, INC.

6 Div. 617.

Supreme Court of Alabama.

Feb. 28, 1963.

J. Robert Huie and J. Terry Huffstutler, Birmingham, for appellant.

Ling & Bains, Bessemer, Lange, Simpson, Robinson & Somerville and Wm. L. Clark, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Mrs. Jeanette Tyler brought suit against Doctors Hospital, Inc., for damages for personal injuries.

The complaint was framed in three counts: Counts 1 and 3 were based on the negligence of the defendant, its agents or servants, and Count 2 was based on wanton misconduct. The jury returned a verdict for the plaintiff under Counts 1 and 3, in the amount of $5,000.

Defendant's motion for a new trial was granted and the plaintiff appealed.

The judgment of the trial court stated, in part:

"* * * the Court is convinced that the verdict is contrary to the weight of the evidence and should for that reason and upon that ground be set aside, in addition to, and independent of, the grounds of newly discovered evidence."

The only assignment of error is the granting of the motion for a new trial.

Lest we prejudice the case for another trial, we will not delineate the evidence except so far as to explain the case.

Mrs. Tyler was admitted to the hospital for treatment in April, 1956. She had an operation for the repair of the anterior and posterior walls of the birth canal. This involved an incision into the perineum. The incision was closed by the use of stitches. The common and ordinary method of treating these stitches is with heat generated from an ordinary incandescent bulb in an electric lamp. There are three types of lamps which are used for this purpose; the first is a metal "saddle type" lamp made expressly for perineal treatment. This lamp is placed in the bed with the patient with the patient's knees over the saddle and the light directed toward the perineal region. The second type of lamp is a wooden box used in the same fashion as the saddle-type metal lamp. The third type is a gooseneck examination lamp which has a floor stand and is placed beside the patient's bed. The reflector and bulb are then placed under the sheet so that the heat is directed toward the perineum. In all of these lamps, the bulb is exposed, that is, there is nothing between the bulb and the patient. Defendant's hospital used the latter type of lamp for perineal care.

The day after plaintiff's operation, the latter type lamp was placed for treatment of plaintiff by a student nurse. After it had been on for several minutes, the bulb burst or exploded, and plaintiff was burned about the thighs and the orifice of her vagina.

The present appeal is from the third trial of this case.

The law is well understood where trial courts set aside the verdicts of juries and grant new trials on the ground that the verdict is contrary to the great weight of the evidence.

The trial court is under duty to set aside a verdict and grant a new trial when the well-considered opinion is reached that the great weight of the evidence did not support the verdict. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Holderfield v. Deen, 269 Ala. 260, 112 So.2d 448; Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95. And the order of a trial court granting the motion for a new trial will not be reversed unless the record plainly and palpably shows that the trial court was in error. Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 91 So.2d 828; Parker v. Hayes Lumber Co., supra.

The trial judge was present at the trial, saw and heard the witnesses, observed their demeanor on witness stand, and was much better positioned than is an appellate court to reach an accurate conclusion.

In Holderfield v. Deen, supra, this court quoted from Parker v. Hayes Lumber Co., supra, as follows:

" "* * * [I]f the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, "unless the evidence plainly and palpably supports the verdict" (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error.* * * *' [Emphasis supplied.]"

In the instant case, we have carefully examined the testimony and are clear to the conclusion that we would not be justified in reversing the trial judge. Therefore, the case is affirmed.

Affirmed.

SIMPSON and MERRILL and HARWOOD, JJ., concur.