158 So.2d 103

James Robert SANSING

v.

Marlene ELLIS.

6 Div. 694, 695.

Supreme Court of Alabama.

Nov. 21, 1963.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Marvin Cherner, Birmingham, and Hammonds & Esco, Bessemer, for appellee.

GOODWYN, Justice.

These are two separate cases, involving the same parties, arising out of the same automobile accident, tried together, and submitted here on one record. In one suit appellee seeks recovery of damages for her personal injuries and in the other for destruction of her automobile.

A separate jury verdict was returned in favor of appellant, defendant below, in each case and a separate judgment in each case was rendered on June 7, 1960, in accordance with the verdict. The cases were tried before Honorable E. L. Ball, circuit judge of the Tenth Judicial Circuit, Bessemer Division.

A separate motion for a new trial was filed by appellee (plaintiff) in each case. One of the motions was filed on July 5 and the other on July 6, 1960.

The following was endorsed on each motion (except that in one case the order was dated July 5 and in the other July 6), viz.:

"ORDER OF COURT

"The foregoing motion to set aside the verdict and judgment and to grant a new trial in the above styled cause has been presented to me on this the 5th day of July, 1960, and the same is ordered filed, and the same having been considered by me.

"It is therefore, ORDERED, ADJUDGED AND DECREED that said motion be continued and that the 11th day of August, 1960, at 9:30 A.M. o'clock be and it is hereby set for hearing of such motion and that notice of such motion and the date for the hearing thereof be given by the plaintiff to the attorneys for the defendant by leaving a copy of this motion with them.

"This the 5th day of July, 1960.

"POWELL LIPSCOMB
Circuit Judge, Tenth Judicial Circuit of Alabama, Bessemer Division"

The record discloses that each motion, with the "Order of Court" endorsed thereon, was filed in the circuit clerk's office on the same date it was executed, and that a copy thereof was served on defendant's attorney of record on the same date.

A hearing on the motions was held before Judge Ball on August 11, 1960. At that time, appellant filed, with respect to each motion for a new trial, a sworn "objection to allowance of filing" it and also a sworn motion to strike it.

Appellant's objections and motions are based primarily on the following:

The person signing the orders continuing the motions for new trials was not a circuit judge of the Tenth Judicial Circuit.

It does not appear that "one Powell Lipscomb who executed the order of

court as Circuit Judge, Tenth Judicial Circuit of Alabama, Bessemer Division, was duly and legally appointed to such office by the Governor, State of Alabama, or by virtue of Title 62, Section 363, Code of Alabama 1940."

The court had lost jurisdiction to entertain the motions for new trials because such motions were not presented to the court and valid orders of the court obtained within thirty days of rendition of judgments in the cases, as required by Code 1940, Tit. 13, § 119.

Judge Ball took the motions of both parties, and the objections of appellant, under advisement until August 29, 1960, at which time appellant's objections and motions were overruled and appellee's motions for new trials were granted. These appeals were brought from the judgments granting the motions for new trials. Appellant seeks a review by mandamus in each case if it should be determined that the judgments appealed from are void and will not support the appeals.

The first question to be resolved is whether the trial court erred in overruling appellant's objections to, and motions to strike, appellee's motions for new trials. Our conclusion is it did not. The only other question is whether there was reversible error in granting the new trials. We hold there was not.

As to Powell Lipscomb's authority to act as circuit judge, appellee takes the position that, even though there is nothing of record specifically showing his authority to so act, the record is sufficient to show that he was acting as a special circuit judge de facto; and that it should be presumed that he was so acting, since he was an attorney practicing in the circuit court of the 10th judicial circuit and was qualified for appointment as a special circuit judge under the provisions of Code 1940, Tit. 62, § 363, supra, applicable only to the 10th judicial circuit. Section 363 provides as follows:

"In the event of the incompetency of any judge of the court to try, hear or determine any case, or whenever any one of said judges is temporarily unable to discharge the duties of his office, the presiding judge of said court, or any two judges thereof, may designate some person practicing in the court and learned in the law to act as special judge, to sit as a court and to hear, decide, and render judgment in all matters arising in said court, and to discharge all the functions and duties of the judge of said court in the same manner and to the same effect as the regularly elected judge."

On the other hand, appellant contends that Mr. Lipscomb was not even a de facto judge; that, from aught appearing from the record, the person signing the orders continuing the motions for new trials was a mere intruder or interloper, without any right, or color of right, to exercise the office of circuit judge.

It does not appear from the record that any evidence was taken at the hearing before Judge Ball on August 11 with respect to Mr. Lipscomb's authority to act as a special circuit judge. Appellant's position is that the sworn objections and motions constituted evidence sufficient to show Mr. Lipscomb's lack of authority (see: Ex parte Green, 221 Ala. 298, 300, 129 So. 72). It is our view, however, that the grounds of the objections and motions are in the nature of conclusions and are not sworn factual statements sufficient to be considered as evidence.

The crucial point, then, is whether, in the absence of evidence as to Mr. Lipscomb's authority, it should be presumed he was without authority to act as a special circuit judge simply because we take judicial notice of the circuit judges of the 10th judicial circuit and find that he is not such a judge.

We hold that the circumstances here present are sufficient to support a presumption that Powell Lipscomb was acting at least as a special circuit judge de facto and that his acts, in the absence of evidence showing his lack of authority, should not be

·declared void (assuming that the proper manner of challenging his authority was followed in this case). Our view is that the record sufficiently supports such pre-·sumption. For instance, it shows the time-·ly filing in the circuit. clerk's office of ap-.pellee's motions, including the "Order of ·Court" in each case signed by Powell Lip-scomb, as circuit judge; and that the minutes of the court recite that the motions were timely presented to the court and con-tinued to August 11, 1960, at which time they were heard by Judge Ball, the circuit judge who presided at the trial of the cases. Surely, if Mr. Lipscomb was not a legally appointed special circuit judge, the fact that the motions, with the orders made by him, were received and filed in the cir-·cuit clerk's office, the fact that the minutes ·of the court recite the presentment of the ·motions "to the Court," and the fact that Judge Ball, the circuit judge who tried the ·cases, obviously recognized Mr. Lipscomb's .authority to act, are sufficient to support the presumption that Mr. Lipscomb was at least acting as a de facto special circuit judge.

■ The record is completely silent as to what might have transpired at the hear-ing before Judge Ball on August 11 with : respect to appellant's objections and mo-tions to strike. It may be that some state-ments were made, in the nature of evidence, as to Mr. Lipscomb's authority. If so, such evidence should have been included in the record. However, in the absence of such evidence, we are not prepared to say, on the basis of what is before us, as noted, that his acts were nullities.

■ The trial court, in granting the ·motions for new trials, did not specify which ground or grounds thereof it thought justified its rulings. Among the grounds are several taking the point that the verdict in each case is not sustained by the great. preponderance of the evidence. Code 1940, Tit. 7, § 276, sets out certain causes for granting a new trial. Among them is the following: "That the verdict or decision is not sustained by the great preponderance of

the evidence, * * *." We have held that the causes enumerated in § 276 are not the exclusive causes for granting a new trial; that "courts of record have inherent power independent of the statute to set aside and vacate their orders and judgments within the term and for common-law causes." Holderfield v. Deen, 269 Ala. 260, 112 So.2d 448; State v. Loftin, 268 Ala. 446, 108 So.2d 163; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R. 2d 907; Ingalls Shipbuilding Corp. v. Ca-hela, 251 Ala. 163, 36 So.2d 513; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Equitable Finance Co. v. Burns, 220 Ala. 559, 126 So. 885; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300. A common law cause for granting a new trial is that the verdict failed to do justice be-tween the parties. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., supra.

■ The rule of review is that when the trial court, in granting a motion for a new trial, does not specify the ground or grounds of the motion which it considered to be well taken, we will "indulge the pre-sumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence [a statutory cause] or that the verdict was unjust in the light of the evidence [a com-mon law cause]." Holderfield v. Deen, supra; State v. Loftin, supra; Chisom v. Woodward Iron Company, 265 Ala. 212, 213, 90 So.2d 816; Romano v. Thrower, 258 Ala. 416, 417; 63 So.2d 369; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181. It is thus stated in Chisom v. Woodward Iron Company, supra:

"Where the trial court grants a mo-tion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds on which the motion is based is that the verdict is against the

weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict. * * *"

As to the common law cause (failure of the verdict to do justice between the parties), we quote the following from Parker v. Hayes Lumber Co., supra:

"* * * [I]f the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error.* * * *"
[Emphasis supplied.]

We have carefully considered the evidence and cannot say that it plainly and palpably supports the verdicts and that the trial court's action in setting the verdicts and judgments aside was plainly and palpably wrong. As said in German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211, 212:

"* * * The trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of his ruling."

We pretermit a discussion of the evidence in this opinion "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Holderfield v. Deen, supra; Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, supra; Parker v. Hayes Lumber Co., supra.

The judgments granting appellee's motions for new trials are due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.