161 So.2d 799

William A. McDANIEL

v.

BIRMINGHAM NEWS COMPANY.

6 Div. 935.

Supreme Court of Alabama.

March 12, 1964.

Prince, Jones, Fowler & Propst, Birmingham, for appellant.

Jas. C. Barton, Deramus & Johnston, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal by the plaintiff from a judgment granting a motion for a new trial. The plaintiff recovered a judgment for $15,000 on a complaint charging invasion of the right of privacy in Count One and libel in Count Two.

The trial court granted the motion solely upon the grounds charging that the verdict was excessive.

The sole question presented to us is whether the granting of the motion for new trial on the ground of excessiveness of the verdict was error to reverse.

When reviewing the trial court's action in granting a new trial on the ground of excessiveness of the jury's verdict, the same rule of review is applicable as when a motion is granted with respect to the right of recovery on the ground that such right is not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. McCombs v. West End Baptist Hospital, 268 Ala. 291, 105 So.2d 871.

On appeal, this court will not reverse an order granting a new trial unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. The rule is usually expressed that the order granting a new trial will not be reversed "unless the evidence plainly and palpably supports the verdict" (Cobb v.

Malone, 92 Ala. 630, 9 So. 738). These words mean that this court will not reverse such an order "unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error." Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103; Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54.

The granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order will not be disturbed on appeal unless some legal right of appellant has been abused. There is a presumption that the court's discretion was properly exercised. The trial court will not be reversed unless the record plainly and palpably shows that it was in error. McCombs v. West End Baptist Hospital, supra, and cases there cited.

We find ourselves unable to say that the evidence in the instant case "plainly and palpably shows that the trial court was in error."

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.