188 So.2d 550

YELLOW CAB COMPANY OF BIR-
MINGHAM, Inc.

v.

David Wesley FROST, Pro Ami.

YELLOW CAB COMPANY OF BIR-
MINGHAM, Inc.

v.

Harry FROST.

6 Div. 285, 285-A.

Supreme Court of Alabama.

June 16, 1966.

E. Ray Large, Birmingham, for appellant.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellees.

GOODWYN, Justice.

The defendant in each of two cases, tried together and submitted here on one record, brings these appeals from a judgment in each case granting plaintiff's motion for a new trial. In granting the motions, the trial court did not specify which of the grounds it thought justified the rulings.

In one of the cases, the suit was brought by a minor, by and through his next friend and father, to recover damages for personal injuries received by him when the bicycle he was riding collided with defendant's cab. The complaint consists of two counts, one charging negligence and the other wantonness.

In the second case, the father sues to recover for medical expenses incurred in the treatment of his son and for the loss of the son's services and society. The one count of the complaint is based on defendant's negligence.

Our conclusion is that each judgment appealed from is due to be affirmed.

Code 1940, Tit. 7, § 276, sets out certain causes for granting a new trial. Among them is the following: "That the verdict or decision is not sustained by the great preponderance of the evidence, * *." We have held that the causes enumerated in § 276 are not the exclusive causes for granting a new trial; that "courts of record have inherent power independent of the statute to set aside and vacate their orders and judgments within the term and for common-law causes." McDaniel v. Birmingham News Company, 276 Ala. 320, 161 So.2d 799; Holderfield v. Deen, 269 Ala. 260, 112 So.2d 448; State v. Loftin, 268 Ala. 446, 108 So.2d 163; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Equitable Finance Co. v. Burns, 220 Ala. 559, 126 So. 885; Batson

v. State ex rel. Davis, 216 Ala. 275, 113 So. 300. A common law cause for granting a new trial is that the verdict failed to do justice between the parties. Holderfield v. Deen, supra; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., supra.

The rule of review is that when the trial court, in granting a motion for a new trial, does not specify the ground or grounds of the motion which it considered to be well taken, we will "indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence [a statutory cause] or that the verdict was unjust in the light of the evidence [a common law cause]." McDaniel v. Birmingham News Company, 276 Ala. 320, 161 So.2d 799; Holderfield v. Deen, supra [269 Ala. 260, 112 So.2d 448]; State v. Loftin, supra [268 Ala. 446, 108 So.2d 163, 164]; Chisom v. Woodward Iron Company, 265 Ala. 212, 213, 90 So.2d 816; Romano v. Thrower, 258 Ala. 416, 417, 63 So.2d 369; Birmingham Electric Co. v. Greene, 252 Ala. 40, 39 So.2d 398; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Hyde v. Norris, 250 Ala. 518, 35 So.2d 181. It is thus stated in Chisom v. Woodward Iron Company, supra [265 Ala. 212, 90 So.2d 817]:

"Where the trial court grants a motion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds on which the motion is based is that the verdict is against the weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supported the verdict. * * *"

As to the common law cause (failure of the verdict to do justice between the parties), we quote the following from Parker v. Hayes Lumber Co., supra [221 Ala. 73, 127 So. 504]:

"* * * [If] the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error.* * * *" [Emphasis supplied].

We have carefully considered the evidence and cannot say that it plainly and palpably supports the verdicts and that the trial court's action in setting the verdicts and judgments aside was plainly and palpably wrong. As said in German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211, 212:

"* * * The trial court saw and heard the witnesses, and on appeal some presumption must be indulged in favor of his ruling."

We pretermit a discussion of the evidence in this opinion "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Holderfield v. Deen, supra; Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, supra; Parker v. Hayes Lumber Co., supra.

The judgments appealed from are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.