256 So.2d 866

**STATE of Alabama**

**v.**

**Edmond Jefferson OLIVER et al.**

6 Div. 897.

Supreme Court of Alabama.

Jan. 13, 1972.

Albert Boutwell, Drake Boutwell, Birmingham, for appellees.

Arthur J. Hanes, Sp. Asst. Atty. Gen., Birmingham, for appellant.

BLOODWORTH, Justice.

The State of Alabama appeals from the following judgment granting a new trial to the condemnee (defendant) in a highway condemnation case:

## "ORDER ON MOTION FOR NEW TRIAL

"The defendant's motion for a new trial has been duly argued and submitted to the Court for an order.

"This Court is of the opinion that a miscarriage of justice was done to this defendant in the trial of this case. The defendant attempted to represent himself and he did not know how to establish the value of the property taken. Only one qualified appraiser testified. He was employed by the State. He testified that in his opinion the property had a market value of $4,500.00. There obviously was testimony available to the defendant which would have fixed the value at a higher figure. The Court file shows that three qualified appraisers, all of whom are personally known by this judge, felt that the value of the property was $6,000.00.

"The attorney for the State strenuously argued that since the defendant elected to represent himself he should not now be heard to complain about the fact that he did not adequately present his case.

There is considerable logic in this contention, but this Court cannot, in good conscience, permit a verdict to stand which it feels was unjust and was the result of a lack of knowledge in presenting testimony which the Court knows was available and which, if adduced, most likely would have resulted in a larger verdict and one more in keeping with the true value of the property.

"For the reasons above stated the defendant's motion for a new trial is granted and this cause is reinstated on the active docket to be reset in due course. The plaintiff does duly and legally except to the order.

"DONE and ORDERED this the 17th day of March, 1971.

"James O. Haley
JAMES O. HALEY,
CIRCUIT JUDGE"

The sole question presented on this appeal is whether the trial court erred in granting the motion for new trial. We have concluded that there is no error in the trial court's ruling and that its judgment should be affirmed.

The State contends that the grounds of motion for new trial are too general so as to adequately present to the trial court the alleged error committed upon the trial of the case. The State cites numerous cases for the proposition that,

"* * * grounds of the motion for a new trial relied upon must sufficiently specify the precise error alleged to have occurred. * * *" Boudrow v. H. & R. Construction Co., 284 Ala. 60, 22 So. 2d 154 (1969).

This case correctly states the law. However, in each of the cases cited for this proposition, the appeal was from a ruling of the trial court denying a motion for new trial. It would appear that the reason for the rule is that a trial judge should not be put in error for refusing to grant a new trial when the error complained of has not been sufficiently brought to his attention by the motion.

Nevertheless, we think that the grounds of the motion in the instant case were sufficiently specific. Ground 5 complains that the verdict was unjust and unfair.

This court has repeatedly held that,

"* * * 'courts of record have inherent power independent of the statute to set aside and vacate their orders and judgments within the term and for common-law causes.' * * *" Yellow Cab Co. of Birmingham v. Frost, 279 Ala. 591, 188 So.2d 550 (1966).

Further, this court has said that,

"* * * A common law cause for granting a new trial is that the verdict failed to do justice between the parties. Holderfield v. Deen, supra; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., supra." Yellow Cab Co. of Birmingham v. Frost, supra; Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103 (1963).

**34**

It is apparent from the trial court's ruling that a new trial was granted because the trial judge was " * * * of the opinion that a miscarriage of justice was done to this defendant * * *," and that the "verdict * * * was unjust * * *." Our case law has established the proposition:

" * * * [I]f the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial." Parker v. Hayes Lumber Company, 221 Ala. 73, 127 So. 504 (1930); Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331 (1948); State v. Loftin, 268 Ala. 446, 108 So.2d 163 (1959).

" * * * And because the trial court saw and heard the witnesses, presumption is indulged in favor of its ruling granting or refusing a new trial. Schaeffer v. Walker, 241 Ala. 530, 3 So. 2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Batson v. State, 216 Ala. 275, 113 So. 300; Cobb v. Malone, 92 Ala. 630, 9 So. 738. * * *" Camp v. Atlantic Coast Line R. Co., supra.

" ' * * * On appeal this court will not reverse an order granting a new trial, "unless the evidence plainly and palpably supports the verdict" (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. * * *'* [Emphasis supplied.] * * *" State v. Loftin, supra.

Since we hold that the judgment granting a new trial should be affirmed, we do not undertake to discuss the evidence in this case " * * * for fear its consideration in further litigation might be prejudiced thereby. * * *" Frost v. Johnson, 256 Ala. 383, 54 So.2d 897 (1951).

However, we have carefully considered the evidence and we cannot say that the trial court's action in granting a new trial was "plainly and palpably" in error. The judgment of the trial court should be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD and McCALL, JJ., concur.