KENNEDY, Justice.
The defendants appeal from the denial of a motion for a judgment notwithstanding the verdict (“j.n.o.v.”) or alternatively, for a new trial. The plaintiffs Lorene and Dwight Wideman; Geneva and William Thompson; and Benford and Roslyn Phipps made claims of misrepresentation against the defendants Marcia Wall, d/b/a Marcia Wall Realty, and Art Deason. A jury awarded compensatory damages of $100,000, but no punitive damages.
Wall and Deason are real estate agents through whom some of the plaintiffs made written offers on real property owned by J.A. Brown. There was no written “listing agreement” on this property, but Wall testified to a previous practice on Brown-owned properties, whereby she would solicit written offers on a property owned by Brown, although, as here, there was no written listing agreement. According to Wall, once she had secured a *1152 signed offer on a Brown-owned property, in the form of a proposed contract for sale, she would present the offer to Brown through his son-in-law, Mike Melton. Apparently, if Brown agreed to the terms of the offer he would accept the proposed contract, or Melton would in his stead, essentially authorizing Wall by ratification after the fact to solicit offers.
Melton testified that as to the property in question, he had told Wall that he wanted her to “help market the property” if he bought it from his father-in-law. Before any such transaction took place, i.e., while Brown was still the owner, Wall and Deason secured offers to purchase in the form of proposed contracts for the sale of lots on this property Melton had spoken to Wall about “marketing”; one from Lorene Wideman, one from Geneva Thompson, and one from Benford Phipps. Thereafter, Lorene Wideman and her husband Dwight moved a mobile home onto the lot Lorene Wideman had made an offer on, as did Geneva Thompson and her husband William and Benford Phipps and his wife Roslyn, as to the respective lots that Geneva Thompson and Benford Phipps had made offers on.
Ultimately, Brown never accepted the offers to purchase and soon after the parties moved onto the property he “evicted” them. Brown’s son testified that some of the plaintiffs had burned the vegetation on more than an acre of the property and had rendered other areas of the property a “shambles.” He stated: “It looked like a landfill_ There w[ere] ... junk lumber piles. There was trash. There was raw sewage on the ground- [Tjhere was also a junked-out vehicle left ... around where the fire took place.”
The Thompsons, Widemans, and Phippses all sued Wall and Deason because of their “eviction” from the property, averring that Wall and Deason had misrepresented to them that they had possessory rights in the properties based on the offers to purchase that Lorene Wideman, Geneva Thompson, and Benford Phipps had made. Wall and Deason deny having told any of the plaintiffs that they could move onto the property.
As stated, the jury awarded compensatory damages in favor of all of the plaintiffs, against both Wall and Deason; $100,000 to be paid by the two defendants, for the six plaintiffs to divide.
Wall challenges the propriety of the jury award of $100,000. After thoroughly reviewing the record, we determine that the jury award was without basis in some respects and should have been set aside. “When it is apparent ... that there has been a serious miscarriage or total failure of justice, the trial judge is ‘under a duty to set aside [the verdict]...'" Herrington v. Central Soya Co., 420 So.2d 1 (Ala.1982) (quoting State v. Oliver, 288 Ala. 32, 256 So.2d 866 (1972)).
There was no evidence at trial as to any representations by either Wall or Deason as to the plaintiffs Dwight Wideman and Roslyn Phipps. Also, the plaintiffs Geneva and William Thompson, and Benford Phipps, all testified that Deason, but not Wall, made the eomplained-of representations to them. The award in favor of the Thompsons and Benford Phipps against Wall was contrary to unequivocal testimony by Benford Phipps and the Thompsons and is wholly unsupported by the evidence. Similarly, the plaintiff Lorene Wideman testified only that Wall had made misrepresentation to her. There was no evidence that Deason made any of the complained-of representations to Lorene Wideman.
Given the foregoing, we reverse the judgment on all claims against Wall except Lorene Wideman’s, and as those claims we render a judgment for Wall; we reverse as to Lorene and Dwight Widemans’ claims against Deason and Roslyn Phipps’s claim against Deason, and as to those claims we render a judgment for Deason. As to all remaining claims, specifically, the Thomp-sons’ and Benford Phipp’s claims against Deason, and Lorene Wideman’s claim against Wall, we reverse and remand for a new trial.
REVERSED; JUDGMENT RENDERED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.